# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 3, 2019

157717

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

_____

*In re* Application of DETROIT EDISON
COMPANY re Licensing Rules.
_____

ASSOCIATION OF BUSINESSES
ADVOCATING TARIFF EQUITY,
                    Appellant,

v

MICHIGAN PUBLIC SERVICE COMMISSION,
TILDEN MINING COMPANY, LC, and EMPIRE
IRON MINING PARTNERSHIP,
                    Appellees,

and

DETROIT EDISON COMPANY, INDIANA
MICHIGAN POWER COMPANY, MICHIGAN
ELECTRIC & GAS ASSOCIATION, and
CONSUMERS ENERGY COMPANY,
                    Petitioners-Appellees.

_____/

SC: 157717
COA: 332605
PSC: 00-016020

On order of the Court, the application for leave to appeal the February 8, 2018 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent. This case concerns whether the Court of Appeals correctly ruled that the Public Service Commission (PSC) possesses the regulatory power to issue an order prohibiting industrial and commercial consumers of electricity in Michigan from participating in federally established "wholesale electric markets" for demand-response resources during times of peak electricity demand. As simply put as possible, "wholesale demand response," as it is called, "pays consumers for commitments to curtail their use of power, so as to curb wholesale rates and prevent grid breakdowns." *Federal Energy Regulatory Comm v Electric Power Supply Ass'n*, 577 US ___, ___; 136 S Ct 760, 769-770 (2016). While I hold no particular view at this time as to whether the Court of Appeals erred by its thoughtful decision, the issue is one that, in my judgment, merits the fullest review of this Court and I would grant leave to address the following concern.

"The [PSC] is a creature of the Legislature and, as such, possesses only those powers conferred upon it by statute." *Union Carbide Corp v Pub Serv Comm*, 431 Mich 135, 148 (1988). In ruling that the PSC possessed the power to issue its order in this case, the Court of Appeals cited two statutory provisions, MCL 460.6(1) and MCL 460.54, but applied only MCL 460.6(1). MCL 460.6(1) reads in relevant part:

> The public service commission is vested with complete power and jurisdiction to regulate all public utilities in the state except a municipally owned utility, the owner of a renewable resource power production facility as provided in [MCL 460.6d], and except as otherwise restricted by law. The public service commission is vested with the power and jurisdiction to *regulate all rates, fares, fees, charges, services, rules, conditions of service*, and all other matters pertaining to the formation, operation, or direction of public utilities. The public service commission is further granted the power and jurisdiction to hear and pass upon all matters pertaining to, necessary, or incident to the regulation of public utilities . . . . [Emphasis added.]

And MCL 460.54 reads in relevant part:

> In addition to the rights, powers and duties vested in and imposed on said commission by the preceding section, its jurisdiction shall be deemed to extend to and include the control and regulation, including the fixing of rates and charges, of all public utilities within this state, producing, transmitting, delivering or furnishing steam for heating or power, or gas for heating or lighting purposes for the public use.

I am uncertain whether MCL 460.6(1) or MCL 460.54 confers specific power upon the PSC. See *Consumers Power Co v Pub Serv Comm*, 460 Mich 148, 160 (1999) ("This Court has consistently held . . . that the broad language of [MCL 460.6] serves as an outline of the PSC's jurisdiction, not a grant of specific powers."); *Building Owners & Managers Ass'n of Metro Detroit v Pub Serv Comm*, 424 Mich 494, 502 (1986) (describing MCL 460.54 as a "statutory provision[] governing the PSC's jurisdiction"). But assuming that MCL 460.6(1) and MCL 460.54 do confer specific power, because the PSC order affects electricity rates during times of peak demand in Michigan, it could arguably be deemed within its power to "regulate" and "fix" electricity "rates" under both MCL 460.6(1) and MCL 460.54. Similarly, because the PSC order places a "condition" upon a customer's receipt of electricity-- such receipt is contingent on the customer's nonparticipation in the federal markets-- it may also be deemed within PSC's power to "regulate . . . conditions of service" under MCL 460.6(1).

However, I question whether such relatively broad statutory grants of power-- assuming they are, in fact, grants of power-- invest the PSC with the power over what is, in effect, a private managerial decision on the part of industrial and commercial entities to reduce electricity consumption in exchange for compensation from the federal markets. Such an interpretation may additionally suggest that the PSC possesses power over virtually any conduct on the part of a utility customer that is even incidentally related to, or that tangentially "affects," the electricity itself or electricity rates. For instance, the utilization of solar panels by a customer might well also have a downward effect on electricity rates because less electricity would obviously be demanded of the power grid under such circumstances. Yet, a prohibition against customers utilizing solar panels would seem to exceed the PSC's considerably more limited grant of statutory power over "rates" and "conditions of service." I am concerned that the Legislature did not intend to authorize the PSC to regulate conduct that is so arguably attenuated from the delivery and pricing of the electricity itself. Rather, an alternative understanding of MCL 460.6(1) and MCL 460.54 would seem to be that the Legislature has authorized the PSC, albeit only in a more direct and limited manner, to regulate the rates and service of electricity.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 3, 2019

p0702                                                                                                   Clerk